### HENRY JOHNSON v. THE STATE.

*No. 3523. Decided November 15.*

**Practice in the Court of Appeals.**—In the absence of bills of exception and of a statement of facts, this court is limited to the consideration of the record with respect to fundamental errors. None being apparent of record in this case, the conviction, though coupled with the death penalty, must be affirmed.

APPEAL from the District Court of Rains. Tried below before Hon. E. W. Terhune.

The death penalty was assessed against the defendant under his conviction in the first degree for the murder of William Shumate. The record contains no statement of facts.

No brief on file for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In this case the judgment appealed from assesses the death penalty against appellant for the murder of one William Shumate, committed in Rains County on the 1st day of May, 1890.

Defendant being too poor to employ counsel, the court appointed three attorneys of the bar to defend him, and for aught that appears in the record they performed their duty in this regard ably and skillfully. We find in the record, however, not a single bill of exception, and there is no statement of the facts. One of the grounds of the motion for new trial attacked a juror of the panel upon the ground of bias and prejudice, but there was no affidavit or evidence of any kind introduced in support of the motion in this particular. The charge of the court, in so far as we can judge in the state of the record, ably, fairly, and clearly submitted every issue involved in the case. There is nothing to show in the slightest degree that the trial was not in every respect a most fair and impartial one. We presume that the three able attorneys appointed by the court

to represent the defendant would have promptly saved exceptions to any supposed error of ruling by the court had any such occurred; and we will further presume that in their opinion, and in the opinion of the learned trial judge, a statement of the facts could have availed the defendant absolutely nothing on his appeal, or one would have been made out and submitted for our revision. Longley v. The State, 3 Texas Ct. App., 611. It is not made to appear that without fault on the part of defendant or of his counsel he has in any manner been deprived of a statement of the facts. Willson's Crim. Stats., secs. 2560, 2561.

The indictment being sufficient, the charge of the court being unobjectionable, and there being no error of any kind manifest of record, it only remains for us to perform our duty in the premises by affirming the judgment, which is accordingly done.

*Affirmed.*

Hurt, J., absent.